UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| ELIZEBETH FORD,<br><br>    Plaintiff,<br><br>v.<br><br>ROY LEMELLE, et al.,<br><br>    Defendants. | No. 3:15-cv-00930<br><br>SENIOR JUDGE NIXON<br>MAGISTRATE JUDGE NEWBERN |

To:  The Honorable John Nixon

**REPORT AND RECOMMENDATION**

By Order entered August 28, 2015, the District Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Doc. No. 3.)

Pending before the Court is Defendants Roy Lemelle and Blake Roosevelt's Motion to Dismiss. (Doc. No. 10.) For the reasons stated below, the undersigned recommends that the Motion to Dismiss be GRANTED.

First, Ford has offered no response in opposition to the Defendants' motion. Although "[f]ailure to file a timely response shall indicate that there is no opposition to [a] motion," Local Rule 7.01(b), there is a small possibility that Ford did not receive Defendants' motion. Ford is proceeding pro se, and the District Court's order granting Ford's Application to Proceed Without Prepaying Fees or Costs was returned as undeliverable. (Doc. No. 17) That Order was sent to the

1

same address as stated in Defendants' certificate of service. (Doc. No. 10.) But, under Federal Rule of Civil Procedure 5(b), service is properly made to a party's "last known address." Ford has an affirmative duty to notify the Court of any changes in her address and did not do so. *Winters v. Celeste*, 991 F.2d 798 (6th Cir. 1993) (Table); *Cooler Ink Sols., Inc. v. Blue Ocean Holdings, Inc.*, No. 3:14-cv-1706, 2016 WL 454736, at *1 (M.D. Tenn. Feb. 5, 2016).

**I.     Background**

Ford, a former employee of Popeyes d/b/a CNR Foods, LLC (CNR), brings this civil action pro se against Roy Lemelle, one of CNR's owners, and Blake Roosevelt, a former CNR supervisor. Ford appears to allege violations of Title VII of the Civil Rights Act of 1964 (Title VII). Ford has attached to her Complaint the Notice of Dismissal and Right to Sue, and Charge of Discrimination issued by the Equal Employment Opportunity Commission (EEOC) naming CNR as the party who allegedly discriminated against her. (Doc. No. 1-1.)

Defendants have moved for dismissal of all of Ford's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Ford cannot sue Lemelle and Roosevelt individually under Title VII and that, even if she sought to press her allegations against them as claims against CNR, a settlement agreement Ford previously entered into with CNR precludes her from doing so.[1] (Doc. No. 11, PageID# 47–48 (under seal).)

---

[1]     The undersigned does not address this latter argument because Ford cannot sue Roosevelt and Lemelle individually and has not attempted to sue CNR, and because considering the attached settlement agreement would convert unnecessarily Defendants' motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

2

## II. Standard of Review

In reviewing a motion to dismiss, a court must accept as true all of the allegations in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of a pro se plaintiff. Fed. R. Civ. P. 12(b)(6); *see Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir. 2006); *Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999). Although the complaint need not contain detailed factual allegations, the plaintiff must provide grounds for her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); s*ee also Ashcroft v. Iqbal,* 556 U.S. 662, 129 (2009). Indeed, the factual allegations supplied must be enough to show a plausible right to relief. *Twombly,* 550 U.S. at 555–61.

## III. Conclusions of Law

Ford must surmount two obstacles to sue Lemelle and Roosevelt under Title VII. First, the Sixth Circuit has held that Title VII generally does not permit claims of individual liability. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). A supervisor may be held liable under Title VII, however, "in his or her official capacity upon a showing that he or she could be considered the 'alter ego' of the employer." *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 n.2 (6th Cir. 2001) (citing *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993)). For a supervisor to be considered an employer's alter ego, he must have "significant control over Plaintiff's hiring, firing and working conditions." *See id.* Even construing Ford's pro se allegations liberally, Ford has not alleged that Roosevelt or Lemelle wielded such control.

Nor has Ford made plausible allegations that Roosevelt or Lemelle engaged in discriminatory conduct. Although Ford's Complaint contains detailed descriptions of acts she

3

claims occurred in her workplace, these acts are not attributed to Roosevelt or Lemelle. Ford's only allegation made regarding Defendants is: "But finaly [sic] in Sept 2014 Mr[.] Roy Lemelle said to me[] (Elizebeth) [I] am being treated discrimination [sic], becaus[e] [I] don't do what is ask of me r told, like other lady managers [], just do whatever your Boss [] Roosevelt needs." (Doc. No. 1, PageID# 3.) All of Ford's additional allegations concern unidentified female and male managers. (Doc. No. 1.)

Second, a party not named in an EEOC charge may not be sued under Title VII unless the unnamed party and the party named in the EEOC charge share a "clear identity of interest." *Alexander v. Local 496, Laborers Int'l Union of N. Am.*, 177 F.3d 394, 411 (6th Cir. 1999) (citation omitted). Neither Lemelle nor Roosevelt was named in the EEOC charge, and Ford does not allege that CNR, the named party in the EEOC charge, shares an identity of interest with Roosevelt or Lemelle.

Even construing the complaint liberally, Lemelle and Roosevelt cannot be held individually liable for alleged violations of Title VII, and they were not named in the EEOC charge. The undersigned thus recommends that Defendants' Motion to Dismiss be granted, and this case be dismissed.

### IV.  Recommendation

In light of the foregoing, the Magistrate Judge recommends that Defendants' Motion to Dismiss (Doc. No. 10) be GRANTED.

Any party has fourteen (14) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any

responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

Entered this 18th day of October, 2016.

ALISTAIR E. NEWBERN
United States Magistrate Judge